# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1346V

| | |
|---|---|
| RENEE MAJERUS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2023 |

*Howard Dale Mishkind, Mishkind Kulwicki Law Co., L.P.A., Cleveland, OH,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 8, 2020, Renee Majerus filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration resulting from adverse effects of an influenza vaccination she received on October 16, 2018. Petition, ECF No. 1. On June 16, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and participation in a Motions Day Hearing. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,953.50 (representing $50,553.50 for fees and $400.00 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Jul. 22, 2023, ECF No. 54. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 6.

Respondent reacted to the motion on Jul. 28, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner did not file a reply thereafter.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed Jul. 28, 2022, ECF No. 34 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Damages, filed Oct. 6, 2022, ECF No. 39; Petitioner's Reply Brief, filed Jan. 20, 2023, ECF No. 42. Petitioner's counsel expended approximately 11.00 hours drafting the brief in support of damages; and 4.60 hours drafting the reply brief, totaling 15.60 hours. ECF No. 54-2 at 4. I find this amount of time to be reasonable and I will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner requests $400.00 in overall costs. ECF No. 54-2 at 5. This amount is comprised of the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $50,953.50 (representing $50,553.50 for fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Howard D. Mishkind.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.